1

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)

2

Brittany C. Casola (CA 306561)
402 West Broadway, 29th Floor

3

San Diego, California 92101
Telephone: 619.756.6994

4

Facsimile: 619.756.6991
tcarpenter@carlsonlynch.com

5

*Attorney for Plaintiff Thomas Silkowski*

6

*and Proposed Class Counsel*

7

8

9

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

### SAN JOSE DIVISION

11

12

13

THOMAS SILKOWSKI, on behalf of himself
and all others similarly situated,

14

        Plaintiff,

15

vs.

16

APPLE INC., a CALIFORNIA corporation, and
DOES 1- 50, inclusive,

17

18

        Defendant.

19

20

Case No.

**COMPLAINT**

**CLASS ACTION**

1. **Violation of New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14,** *et seq.*

**DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

1    Plaintiff THOMAS SILKOWSKI brings this action on behalf of himself and all others similarly
2    situated against APPLE INC., and states:

3    **I.    NATURE OF ACTION**

4    1.    Plaintiff brings this action individually and on behalf of all others similarly situated
5    against Apple Inc. ("Defendant" or "Apple"), alleging violations of the New Jersey Truth-in-Consumer
6    Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, *et. seq.*

7    2.    The TCCWNA was enacted specifically to prevent deception in consumer contracts and to
8    incentivize businesses to draft contracts that are clear and understandable to all consumers, and that
9    clearly explain the legal rights of consumers and the legal responsibilities of businesses.

10   3.    Defendant operates the iTunes Store, the Mac App Store, the App Store, the App Store for
11   Apple TV, the iBooks Store, and Apple Music (collectively the "Stores").

12   4.    In order to access the Stores, consumers must create an Apple ID and/or agree to the
13   iTunes terms and conditions (the "Terms and Conditions").  As a precondition to creating an Apple ID,
14   Defendant requires all consumers to agree to the Terms and Conditions.

15   5.    The Terms and Conditions violate the TCCWNA because they contain provisions that
16   violate clearly established legal rights of Plaintiff and the proposed class, and ignore the legal
17   responsibilities of Defendant.

18   6.    Specifically, the Terms and Conditions contain provisions that purport to: 1) disclaim
19   liability for claims brought for Defendant's negligent, willful, malicious and wanton misconduct; 2) bar
20   claims for personal injury and punitive damages; 3) ban consumers from asserting claims against
21   Defendant for deceptive and fraudulent conduct; and 4) require Store users to indemnify and hold
22   harmless Defendant for any claims brought against Defendant for its negligent, willful, malicious and
23   wanton misconduct.  All of the aforementioned provisions are in direct contravention of rights afforded
24   to Plaintiff and the proposed class under New Jersey law.

25   7.    The inclusion of these violative provisions in the Terms and Conditions deceives
26   consumers into thinking that they are enforceable and accordingly, gives consumers the impression that
27   they are unable to enforce rights they otherwise have under New Jersey statutory and common law.

28   8.    As a result of Defendant's illegal conduct, Plaintiff, on behalf of himself and the Class,

1  seeks statutory penalties, actual damages, attorneys' fees, costs of suit, and any additional legal or

2  equitable relief the Court deems appropriate.

3  **II.     JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

4  　　　　9.     This Court has original jurisdiction of this Action pursuant to the Class Action Fairness

5  Act, 28 U.S.C §1332(d).  The matter in controversy, exclusive of interest and costs, exceeds the sum or

6  value of $5,000,000, and is a class action in which at least some members of the proposed class have a

7  different citizenship from Defendant.  There are more than 100 putative class members.

8  　　　　10.     The Northern District of California has personal jurisdiction over the Defendant named in

9  this action because Defendant is headquartered in this District and conducts substantial business in this

10 District.

11 　　　　11.     Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because

12 Defendant is headquartered in this District and transacts substantial business in this District.

13 　　　　12.     Assignment is proper to the San Jose Division of the Northern District of California under

14 Civil L.R. 3-2(c) and (e) because Defendant is headquartered in Santa Clara County and transacts

15 substantial business in Santa Clara County.

16 **III.    PARTIES**

17 　　　　13.     Plaintiff, Thomas Silkowski, is and, at all times relevant hereto, was, a resident and citizen

18 of the State of New Jersey.

19 　　　　14.     Defendant Apple Inc. is a publicly traded company headquartered at 1 Infinite Loop,

20 Cupertino, California 95014 and is a citizen of California.

21 **IV.     RELEVANT LAW AND STATUTES**

22 　　　　**A.     The New Jersey Truth-in-Consumer Contract, Warranty and Notice Act**

23 　　　　15.     The TCCWNA was enacted over thirty years ago because "[f]ar too many consumer

24 contracts, warranties, notices and signs contain provisions which clearly violate the rights of consumers.

25 Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract,

26 warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason

27 the consumer often fails to enforce his rights."  Statement, Bill No. A1660, 1981 N.J. Laws, Chapter

28 454, Assembly No. 1660, page 2.

1    16.    The primary goal of the TCCWNA is to prevent confusion and deception among

2    consumers as to both their legal rights, and the responsibilities of businesses operating in New Jersey.

3    The TCCWNA accomplishes this goal in three ways.

4    17.    First, "No seller, lessor, creditor, lender or bailee shall in the course of his business offer

5    to any consumer or prospective consumer or enter into any written consumer contract or give or display

6    any written consumer warranty, notice or sign after the effective date of this act which includes any

7    provision that violates any clearly established legal right of a consumer or responsibility of a seller,

8    lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the

9    consumer contract is signed or the warranty, notice or sign is given or displayed."  N.J.S.A. 56:12-15.

10    18.    Second, the TCCWNA prohibits any provision in a consumer contract or notice from

11    requiring the consumer to waive his or her rights under the TCCWNA.  N.J.S.A. 56:12-16.

12    19.    Third, the TCCWNA provides that a contract or notice cannot state in a general, non-

13    particularized fashion that some of its provisions may be void, inapplicable, or unenforceable in some

14    states, without specifying whether the provisions are void, inapplicable or unenforceable in New Jersey.

15    *Id.*

16    20.    A "consumer" under the TCCWNA is "any individual who buys, leases, borrows, or bails

17    any money, property or service which is primarily for personal, family or household purposes."  N.J.S.A.

18    56:15.

19    21.    A "consumer contract" is defined as a written agreement in which an individual, for

20    personal, family and household purposes, and for cash or credit:

21           a)   Leases of licenses real or personal property;

22           b)   Obtains credit;

23           c)   Obtains insurance coverage;

24           d)   Borrows money;

25           e)   Purchases real or personal property;

26           f)   Contracts for services; or

27           g)   Enters into a service contract.

28    N.J.S.A. 56:12-1.

COMPLAINT

1    22.    Any person who violates the TCCWNA "shall be liable to the aggrieved consumer for a

2    civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer,

3    together with reasonable attorney's fees and court costs."  N.J.S.A. 56:12-17.

4    **B.    Statutory and Common Law Rights of New Jersey Consumers**

5    23.    Under New Jersey common law, persons and entities have a duty to avoid unnecessary

6    risk of personal and economic injury to others.   Persons harmed by negligent acts have a clearly

7    established right to recover damages under New Jersey common law.

8    24.    Under New Jersey's Punitive Damages Act (the "PDA") persons are granted the right to

9    recover punitive damages when they prove "that the harm suffered was the result of the defendant's acts

10   or omissions and such acts or omissions were actuated by actual malice or accompanied by a wanton and

11   willful disregard of persons who foreseeably might be harmed by those acts or omissions."  N.J.S.A.

12   2A:15-5.12.

13   25.    Under New Jersey's Consumer Fraud Act (the "CFA"), N.J.S.A. § 56:8–2 *et seq*., persons

14   are granted the right to recover for fraudulent and deceptive conduct.

15   26.    The CFA targets unlawful sales and advertising practices designed to induce consumers to

16   purchase merchandise or real estate, and is designed to address misconduct in the marketing of

17   merchandise and real estate whereby the consumer could be victimized by being lured into a purchase

18   through fraudulent, deceptive, or other similar kinds of selling or advertising practices.

19   27.    The CFA prohibits "[t]he act, use or employment by any person of any unconscionable

20   commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing,

21   concealment, suppression, or omission of any material fact with intent that others rely upon such

22   concealment, suppression or omission, in connection with the sale or advertisement of any merchandise

23   or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person

24   has in fact been misled, deceived or damaged thereby … [.]"  N.J.S.A. § 56:8–2.

25   28.    The CFA entitles any person who suffers any ascertainable loss of money or property as a

26   result of the use or employment by another person of any method, act, or practice declared unlawful

27   under the CFA to recover treble damages, attorneys' fees, filing fees, reasonable costs of suit, and any

28   other appropriate legal or equitable relief.  N.J.S.A. § 56:8-19.

29.     In line with these rights, the New Jersey legislature has set forth the following examples of provisions that violate clearly established legal rights and responsibilities under the TCCWNA: "Examples of [] provisions [in violation of the TCCWNA] are those that deceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or lessor's negligence.  These provisions provide that the consumer assumes all risks and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability." Statement, Bill No. A1660, 1981 N.J. Laws, Chapter 454, Assembly No. 1660, page 2.

## V.     FACTUAL BACKGROUND

### A.     The Terms and Conditions Were Presented to Plaintiff and the Class

30.     As described above, Apple operates the iTunes Store, the Mac App Store, the App Store, the App Store for Apple TV, the iBooks Store, and Apple Music.  The iTunes Store allows consumers to access, purchase or rent digital content for cash or credit.  The Mac App Store, the App Store, the App Store for Apple TV and the iBooks Store allow consumers to license software products and digital content for cash or credit.  Apple Music allows consumers to access digital music for cash or credit.

31.     In order to access any of the Stores, consumers must create an Apple ID and/or agree to the Terms and Conditions.  Before any consumer can create his or her Apple ID, he or she is presented with, and must agree to, the Terms and Conditions.

32.     Plaintiff, an iTunes customer, was presented and agreed to the Terms and Conditions when he created his Apple ID and when he accessed the iTunes Store.  Plaintiff has purchased hundreds of songs from the iTunes Store as well as several movies and other services.

33.     The class members also were presented and agreed to the Terms and Conditions when they created their Apple IDs and when they accessed the Stores.

### B.     The Terms and Conditions Violate the TCCWNA

####     i.     The Terms and Conditions violate N.J.S.A. 56:12-15

34.     The Terms and Conditions presented to Plaintiff and the Class members contain provisions that violate clearly established legal rights and responsibilities.

35.     The Terms and Conditions, in reference to the iTunes Store, state, "IN NO CASE SHALL APPLE, ITS DIRECTORS, OFFICERS, EMPLOYEES, AFFILIATES, AGENTS, CONTRACTORS,

OR LICENSORS BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES ARISING FROM YOUR USE OF ANY OF THE ITUNES SERVICE OR FOR ANY OTHER CLAIM RELATED IN ANY WAY TO YOUR USE OF THE ITUNES SERVICE, INCLUDING, BUT NOT LIMITED TO, ANY ERRORS OR OMISSIONS IN ANY CONTENT, OR ANY LOSS OR DAMAGE OF ANY KIND INCURRED AS A RESULT OF THE USE OF ANY CONTENT (OR PRODUCT) POSTED, TRANSMITTED, OR OTHERWISE MADE AVAILABLE VIA THE ITUNES SERVICE, EVEN IF ADVISED OF THEIR POSSIBILITY. BECAUSE SOME STATES OR JURISDICTIONS DO NOT ALLOW THE EXCLUSION OR THE LIMITATION OF LIABILITY FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES, IN SUCH STATES OR JURISDICTIONS, APPLE'S LIABILITY SHALL BE LIMITED TO THE EXTENT PERMITTED BY LAW."

36.     The Terms and Conditions, in reference to the Mac App Store, the App Store, the App Store for Apple TV and the iBooks Store, state, "IN NO CASE SHALL APPLE, ITS DIRECTORS, OFFICERS, EMPLOYEES, AFFILIATES, AGENTS, CONTRACTORS, PRINCIPALS, OR LICENSORS BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES ARISING FROM YOUR USE OF ANY OF THE APP AND BOOK SERVICES OR FOR ANY OTHER CLAIM RELATED IN ANY WAY TO YOUR USE OF THE APP AND BOOK SERVICES, INCLUDING, BUT NOT LIMITED TO, ANY ERRORS OR OMISSIONS IN ANY CONTENT, OR ANY LOSS OR DAMAGE OF ANY KIND INCURRED AS A RESULT OF THE USE OF ANY CONTENT (OR PRODUCT) POSTED, TRANSMITTED, OR OTHERWISE MADE AVAILABLE VIA THE APP AND BOOK SERVICES, EVEN IF ADVISED OF THEIR POSSIBILITY. BECAUSE SOME STATES OR JURISDICTIONS DO NOT ALLOW THE EXCLUSION OR THE LIMITATION OF LIABILITY FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES, IN SUCH STATES OR JURISDICTIONS, APPLE'S LIABILITY SHALL BE LIMITED TO THE EXTENT PERMITTED BY LAW."

37.     The Terms and Conditions, in reference to the Apple Music, state, "IN NO CASE SHALL APPLE, ITS DIRECTORS, OFFICERS, EMPLOYEES, AFFILIATES, AGENTS, CONTRACTORS, OR LICENSORS BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, PUNITIVE,

SPECIAL, OR CONSEQUENTIAL DAMAGES ARISING FROM YOUR USE OF THE APPLE MUSIC SERVICE OR FOR ANY OTHER CLAIM RELATED IN ANY WAY TO YOUR USE OF THE APPLE MUSIC SERVICE, INCLUDING, BUT NOT LIMITED TO, ANY ERRORS OR OMISSIONS IN ANY CONTENT OR APPLE MUSIC PRODUCTS, OR ANY LOSS OR DAMAGE OF ANY KIND INCURRED AS A RESULT OF THE USE OF ANY CONTENT OR APPLE MUSIC PRODUCTS POSTED, TRANSMITTED, OR OTHERWISE MADE AVAILABLE VIA THE APPLE MUSIC SERVICE, EVEN IF ADVISED OF THEIR POSSIBILITY. BECAUSE SOME STATES OR JURISDICTIONS DO NOT ALLOW THE EXCLUSION OR THE LIMITATION OF LIABILITY FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES, IN SUCH STATES OR JURISDICTIONS, APPLE'S LIABILITY SHALL BE LIMITED TO THE EXTENT PERMITTED BY LAW."

38.     Each of these provisions violate clearly established legal rights of Plaintiff and the Class, and misstate the clearly established legal responsibilities of Defendant, under New Jersey law, including New Jersey common law, the CFA and the PDA.

39.     These provisions violate the clearly established legal rights of Plaintiff and the Class to recover damages for Defendant's negligent conduct and for Defendant's violations of the CFA.  They also violate Plaintiff's and the Class's clearly established legal right to seek punitive damages under the PDA for Defendant's malicious, wanton or willful misconduct.  Similarly, these provisions violate clearly established legal responsibilities of Defendant to refrain from causing unreasonable risk and harm to Plaintiff and the Class, to refrain from causing Plaintiff and the Class to purchase and/or license content or products from the Stores through deception and fraud, and to refrain from acting willfully and maliciously, or with wanton disregard and thereby harming Plaintiff and the Class.  For all of these reasons, the Terms and Conditions violate the TCCWNA.

**ii.     The Terms and Conditions violate N.J.S.A. 56:12-16**

40.     The Terms and Conditions presented to Plaintiff and the Class members contain provisions that state in a general non-particularized fashion that they are void, inapplicable or unenforceable in some jurisdictions, without stating whether they are void, inapplicable or unenforceable in New Jersey.

41.     The Terms and Conditions, in reference to licensed applications, state, "TO THE

EXTENT NOT PROHIBITED BY LAW, IN NO EVENT SHALL LICENSOR BE LIABLE FOR PERSONAL INJURY OR ANY INCIDENTAL, SPECIAL, INDIRECT, OR CONSEQUENTIAL DAMAGES WHATSOEVER, INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF PROFITS, LOSS OF DATA, BUSINESS INTERRUPTION, OR ANY OTHER COMMERCIAL DAMAGES OR LOSSES, ARISING OUT OF OR RELATED TO YOUR USE OR INABILITY TO USE THE LICENSED APPLICATION, HOWEVER CAUSED, REGARDLESS OF THE THEORY OF LIABILITY (CONTRACT, TORT, OR OTHERWISE) AND EVEN IF LICENSOR HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. SOME JURISDICTIONS DO NOT ALLOW THE LIMITATION OF LIABILITY FOR PERSONAL INJURY, OR OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THIS LIMITATION MAY NOT APPLY TO YOU. In no event shall Licensor's total liability to you for all damages (other than as may be required by applicable law in cases involving personal injury) exceed the amount of fifty dollars ($50.00). The foregoing limitations will apply even if the above stated remedy fails of its essential purpose."

42.    This provision violates clearly established legal rights of Plaintiff and the Class, and legal responsibilities of Defendant under New Jersey law.

43.    This provision violates Plaintiff's and the Class's clearly established legal right to recover from Defendant or a third-party for tortious conduct that causes personal injury.  Likewise, this provision violates Defendant's duty to refrain from causing personal injury through its own negligent, reckless, willful, malicious or wanton misconduct.

44.    Although the provision states that "SOME JURISDICTIONS DO NOT ALLOW THE LIMITATION OF LIABILITY FOR PERSONAL INJURY…SO THIS LIMITATION MAY NOT APPLY TO YOU," it fails to state whether the limitation is inapplicable or void in New Jersey. Accordingly, the Terms and Conditions violate the TCCWNA.

45.    The Terms and Conditions, in reference to the iTunes Store, state, "BY USING THE ITUNES SERVICE, YOU AGREE, TO THE EXTENT PERMITTED BY LAW, TO INDEMNIFY AND HOLD APPLE, ITS DIRECTORS, OFFICERS, EMPLOYEES, AFFILIATES, AGENTS, CONTRACTORS, AND LICENSORS HARMLESS WITH RESPECT TO ANY CLAIMS ARISING OUT OF YOUR BREACH OF THIS AGREEMENT, YOUR USE OF THE ITUNES SERVICE, OR

1    ANY ACTION TAKEN BY APPLE AS PART OF ITS INVESTIGATION OF A SUSPECTED

2    VIOLATION OF THIS AGREEMENT OR AS A RESULT OF ITS FINDING OR DECISION THAT A

3    VIOLATION OF THIS AGREEMENT HAS OCCURRED."

4       46.    The Terms and Conditions, in reference to the MAC App Store, the App Store, the App

5    Store for Apple TV and the iBooks Store, state, "BY USING THE APP AND BOOK SERVICES, YOU

6    AGREE, TO THE EXTENT PERMITTED BY LAW, TO INDEMNIFY AND HOLD APPLE, ITS

7    DIRECTORS, OFFICERS, EMPLOYEES, AFFILIATES, AGENTS, CONTRACTORS, PRINCIPALS,

8    AND LICENSORS HARMLESS WITH RESPECT TO ANY CLAIMS ARISING OUT OF YOUR

9    BREACH OF THIS AGREEMENT, YOUR USE OF THE APP AND BOOK SERVICES, OR ANY

10   ACTION TAKEN BY APPLE AS PART OF ITS INVESTIGATION OF A SUSPECTED VIOLATION

11   OF THIS AGREEMENT OR AS A RESULT OF ITS FINDING OR DECISION THAT A VIOLATION

12   OF THIS AGREEMENT HAS OCCURRED."

13      47.    The Terms and Conditions, in reference to the Apple Music, state, "BY USING THE

14   APPLE MUSIC SERVICE, YOU AGREE, TO THE EXTENT PERMITTED BY LAW, TO

15   INDEMNIFY AND HOLD APPLE, ITS DIRECTORS, OFFICERS, EMPLOYEES, AFFILIATES,

16   AGENTS, CONTRACTORS, AND LICENSORS HARMLESS WITH RESPECT TO ANY CLAIMS

17   ARISING OUT OF YOUR BREACH OF THIS AGREEMENT, YOUR USE OF THE APPLE MUSIC

18   SERVICE, OR ANY ACTION TAKEN BY APPLE AS PART OF ITS INVESTIGATION OF A

19   SUSPECTED VIOLATION OF THIS AGREEMENT OR AS A RESULT OF ITS FINDING OR

20   DECISION THAT A VIOLATION OF THIS AGREEMENT HAS OCCURRED."

21      48.    These provisions violate clearly established legal rights of Plaintiff and the Class, and

22   legal responsibilities of Defendant under New Jersey Law.

23      49.    These provisions violate clearly established rights of Plaintiff and the Class members by

24   forcing Plaintiff and the Class to hold Defendant harmless for any claims caused by Defendant's

25   negligence, willful or reckless misconduct.  In the same way, these provisions violate clearly establish

26   legal responsibilities of Defendant by allowing Defendant to shirk its duty of reasonable care and forcing

27   Plaintiff and the Class to indemnify Defendant for violations of Defendant's duties under the law.

28      50.    The provisions at issue violate the TCCWNA because they fail to state which of their

COMPLAINT

1    parts are inapplicable or void in New Jersey.  Although the Terms and Conditions are a standard form

2    contract, which based on information and belief, are presented to consumers in all fifty states in the same

3    exact form, the provisions at issue state that they are applicable "TO THE EXTENT PERMITTED BY

4    LAW."  As the Terms and Conditions are presented, and meant to apply, in multiple jurisdictions, if not

5    all fifty states, the language "TO THE EXTENT PERMITTED BY LAW," does not bound and limit the

6    Terms and Conditions to comport with New Jersey law.  Instead, this language is used to alert the reader

7    in a general, non-particularized fashion that the provisions are inapplicable, void and unenforceable in

8    some jurisdictions.  Because these provisions fail to state whether they are inapplicable, void or

9    unenforceable in New Jersey, the Terms and Conditions violate the TCCWNA.

10   **VI.    CLASS ALLEGATIONS**

11          51.    Plaintiff brings this class action on behalf of himself and all others similarly situated

12   pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of all

13   New Jersey residents who created an Apple ID within the applicable statute of limitations, and/or who,

14   after having created an Apple ID, were asked by Defendant to agree to the Terms and Conditions at any

15   time within the applicable statute of limitations.

16          52.    Excluded from the Class are Defendant and its officers, directors and employees, the

17   Court, the Court's immediate family and all Court staff, and Plaintiff's attorneys and their immediate

18   family members.

19          53.    Numerosity: The class described above is so numerous that joinder of all individual

20   members in one action would be impracticable.  On information of belief, hundreds, if not thousands of

21   individuals have created an Apple ID and/or agreed to the Terms and Conditions.  The disposition of the

22   individual claims of the respective class members through this class action will benefit both the parties

23   and this Court, and will facilitate judicial economy.

24          54.    Ascertainability: The class is ascertainable because, on information and belief, Defendant

25   keeps and collects the information of each class member in a detailed electronic database, and records

26   when class members create an Apple ID and/or agree to the Terms and Conditions.

27          55.    Typicality:  Plaintiff's claims are typical of the claims of the members of the class.  The

28   claims of the Plaintiff and members of the class are based on the same legal theories and arise from the

10

COMPLAINT

1  same unlawful conduct.  The claims of Plaintiff and the Class arise from the same provisions which

2  uniformly are displayed in the Terms and Conditions.  As such, the claims of Plaintiff and the Class rise

3  and fall together and are typical of one another.

4        56.    Common Questions of Fact and Law Predominate:  There are numerous question of law

5  or fact common to all class members.  For example, whether the provisions at issue violate clearly

6  established law is a question common to all class members, and this question is susceptible to a common

7  answer.  Similarly, whether the Terms and Conditions is a consumer contract is a question common to all

8  class members, and this question is susceptible to a common answer.  These questions and others like

9  them predominate over individual issues.  The same evidence needed to prove Plaintiff's individual

10  claims will be used to prove the claims of all class members.

11        57.    Adequacy of Representation:  Plaintiff is an adequate representative of the class because

12  his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly,

13  adequately, and vigorously represent and protect the interests of the members of the class and has no

14  interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and

15  experienced in the prosecution of complex consumer class action litigation.

16        58.    Superiority: The injury sustained by each Class member, while meaningful on an

17  individual basis, is not of such magnitude that it is economically feasible to prosecute individual actions

18  against Defendant.  Even if it were economically feasible, requiring myriad injured plaintiffs to file

19  individual suits would impose a crushing burden on the court system and almost certainly lead to

20  inconsistent judgments.  By contrast, class treatment will present far fewer management difficulties and

21  provide the benefits of a single adjudication, economies of scale, and comprehensive supervision by a

22  single court.

23        59.    Class certification also is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because

24  Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate

25  both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

26

27

28

1   **VII.   CAUSES OF ACTION**

2                    **CAUSE OF ACTION**
    **Violation of Truth-in-Consumer Contract, Warranty and Notice Act**
3                  **N.J.S.A. 56:12-14, *et seq.***

4   60.    The allegations contained in the previous paragraphs are incorporated by reference.

5   61.    Defendant is a "seller" under the TCCWNA.  N.J.S.A. 56:12-15.

6   62.    Plaintiff is a "consumer" under the TCCWNA.  *Id.*

7   63.    The Terms and Conditions are a "consumer contract" under the TCCWNA because they

8   are a written agreement which governs the purchase and/or license of real or personal property and

9   services for cash or credit, and the property and services obtained are for personal, family, or household

10  purposes.  N.J.S.A. 56:12-1.

11  64.    The Terms and Conditions violate the TCCWNA because they include provisions that

12  violate clearly established legal rights and responsibilities.  N.J.S.A. 56:12-15.

13  65.    The Terms and Conditions contain provisions, as detailed above, that purport to disclaim

14  liability for harm caused 1) by Defendant's negligence, 2) by Defendant's acts that violate the CFA, and

15  3) by Defendant's malicious, willful or wanton misconduct.  The Terms and Conditions also contain

16  provisions that preclude claims for punitive damages.  *Id.*

17  66.    Further, the Terms and Conditions contain provisions, as detailed above, that state in a

18  general non-particularized fashion that some provisions are inapplicable or void in some jurisdictions

19  without stating which provisions are inapplicable or void in New Jersey.  N.J.S.A. 56:12-16.

20  67.    Pursuant to N.J.S.A. 56:12-17, Plaintiff and the Class are entitled to a civil penalty of not

21  less than $100.00, or for actual damages, or both, together with reasonable attorney's fees and court

22  costs, and any additional relief the court deems appropriate.

23  **VIII.   PRAYER FOR RELIEF**

24  68.    Wherefore, Plaintiff, on behalf of himself and on behalf of the other members of the

25  Class, requests that this Court award relief against Defendant as follows:

26          a.    A declaratory judgment that the Terms and Conditions are in violation of N.J.S.A.

27                56:12-15 and 56:12-16;

28          b.    Injunctive relief requiring the removal from the Terms and Conditions the

12
COMPLAINT

1    language declared in violation of N.J.S.A. 56:12-15 and 56:12-16;

2    c.    An Order certifying the class proposed by Plaintiff, and naming Plaintiff as class

3          representative and appointing his counsel as class counsel;

4    d.    Payment of at least $100, actual damages, or both, to Plaintiff and each class

5          member;

6    e.    Payment of reasonable attorneys' fees and court costs; and

7    f.    The provision of whatever other relief the Court deems just, equitable and

8          appropriate.

9  **VIII.   DEMAND FOR JURY TRIAL**

10   69.    Plaintiff hereby demands a jury trial for all of the claims so triable.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: April 28, 2016

**CARLSON LYNCH SWEET KILPELA &
CARPENTER, LLP**

*/s/ Todd D. Carpenter*
Todd D. Carpenter (CA 234464)
Brittany C. Casola (CA 306561)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 347-3517
Facsimile: (619) 756-6990
tcarpenter@carlsonlynch.com

Joseph J. DePalma
**LITE DEPALMA GREENBERG LLC**
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

Katrina Carroll
Kyle A. Shamberg
**LITE DEPALMA GREENBERG LLC**
211 W. Wacker Drive, Suite 500
Chicago, IL 60606
Telephone: (312) 750-1265
Facsimile: (312) 212-5919
kcarroll@litedepalma.com

R. Bruce Carlson
Gary F. Lynch
Kevin Abramowicz
**CARLSON LYNCH SWEET KILPELA &
CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
bcarlson@carlsonlynch.com
glynch@carlsonlynch.com

*Attorneys for Plaintiff*