CHRISTINA GUEROLA SARCHIO (appearance *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: 202-339-8400
Facsimile: 202-339-8500
csarchio@orrick.com

RANDY S. LUSKEY (STATE BAR NO. 240915)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759
rluskey@orrick.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS SILKOWKSI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>APPLE, INC., a California corporation, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 3:16-cv-02338-JD<br><br>Case No. 3:16-cv-03017-JD<br><br><u>CLASS ACTION</u><br><br>**MOTION TO DISMISS COMPLAINTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: August 31, 2016<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |
| COLLEEN PALOMINO and IRENE MCDONNELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>APPLE, INC., a California corporation, and DOES 1 to 50, inclusive,<br><br>Defendants. | |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1
II. STATEMENT OF RELEVANT ALLEGATIONS ............................................................2
III. LEGAL STANDARD ..........................................................................................................3
IV. ARGUMENT .......................................................................................................................4
    A. Plaintiffs Fail To Satisfy The Threshold Requirement Of Standing ........................4
        1. The U.S. Constitution Requires More Than A Technical Violation Of A Statute ...............................................................................................4
        2. As The Complaints Fail To Establish That Plaintiffs Are "Aggrieved" Consumers, Plaintiffs Cannot Sue Under The TCCWNA .................................................................................................8
    B. Plaintiffs Fail To State A Claim That The Terms And Conditions Violate The TCCWNA ..........................................................................................................8
        1. The Terms And Conditions Do Not Violate A Clearly Established Legal Right ...................................................................................................9
        2. The Savings Clauses Do Not Violate Section 16 Of The TCCWNA .........12
        3. The TCCWNA Is Unconstitutional Because It Imposes An Excessive Burden On Interstate Commerce.............................................13
V. CONCLUSION ..................................................................................................................15

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Am. Libraries Ass'n v. Pataki*,
  969 F. Supp. 160 (S.D.N.Y. 1997) ......................................................................... 14

*Asch Webhosting, Inc. v. Adelphia Bus. Solutions Inv., LLC*,
  362 Fed. Appx. 310 (3d Cir. 2010) ......................................................................... 12

*Ashcroft v. Iqbal*,
  566 U.S. 662 (2009) ................................................................................................. 4

*Barows v. Chase Manhattan Mortgage Corp.*,
  465 F. Supp. 2d 347 (D.N.J. 2006) ......................................................................... 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 3, 4

*Chandler v. State Farm Mut. Auto Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) .................................................................................. 3

*Consol. Cigar Corp. v. Reilly*,
  218 F.3d 30 (1st Cir. 2000) ............................................................................... 14, 15

*FW/PBS, Inc. v. Dallas*,
  493 U.S. 215 (1990) ................................................................................................. 5

*Gershon v. Regency Diving Ctr., Inc.*,
  368 N.J. Super. 237 (App. Div. 2004) .................................................................... 12

*Healy v. Beer Institute, Inc.*,
  491 U.S. 324 (1989) ............................................................................................... 14

*Jones v. AIG Risk Mgmt.*,
  726 F. Supp. 2d 1049 (N.D. Cal. 2010) ................................................................... 4

*Kendall v. Cubesmart L.P.*,
  2016 WL 1597245 (D.N.J. April 21, 2016) ...................................................... 12, 13

*Lee v. American Express Travel Related Services*,
  2007 WL 4287557 (N.D. Cal. 2007) .................................................................... 6, 7

*Lee v. Capital One Bank*,
  2008 WL 648177 (N.D. Cal. 2008) .......................................................................... 6

*Lee v. Chase Manhattan Bank*,
  2008 WL 698482 (N.D. Cal. 2008) ...................................................................... 5, 6


*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................................. 5

*Martina v. LA Fitness Int'l, LLC*,
    2012 WL 3822093 (D.N.J. Sept. 4, 2012) ..................................................................... 12, 13

*Matijakovich v. P.C. Richard & Son*,
    No. CV2161506WHWCLW, 2016 WL 3457011 (D.N.J. June 21, 2016) ............................ 4

*Mladenov v. Wegmans Food Markets, Inc.*,
    124 F. Supp. 3d 360 (D.N.J. 2015) .............................................................................. 10, 11

*Moss v. U.S. Secret Service*,
    572 F.3d 962 (9th Cir. 2009) ................................................................................................ 3

*Pike v. Bruce Church, Inc.*,
    397 U.S. 137 (1970) ..................................................................................................... 13, 14

*Richter et al. v. CC-Palo Alto, Inc., et al.*,
    2016 WL 1275592 (N.D. Cal. March 31, 2016) .................................................................. 7

*Robertson v. Dean Witter Reynolds, Inc.*,
    749 F.2d 530 (9th Cir. 1984) ................................................................................................ 3

*Sauro v. L.A. Fitness Int'l, LLC*,
    2013 WL 978807 (D.N.J. Feb. 13, 2013) ............................................................. 9, 10, 13, 14

*Shah v. American Express Co.*,
    2009 WL 3234594 (D.N.J. Sept. 30, 2009) .......................................................................... 8

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ..................................................................................................... 2, 5

*Steel Co. v. Citizens for Better Env't*,
    523 U.S. 83 (1998) ............................................................................................................... 5

*Stelluti v. Casapenn Enterprises, LLC*,
    1 A.3d 678 (N.J. 2010) ...................................................................................................... 12

*Ex parte Van Winkle*,
    70 A.2d 167 (N.J. 1950) ...................................................................................................... 8

*Venditto v. Vivint, Inc.*,
    2014 WL 5702901 (D.N.J. Nov. 5, 2014) ............................................................... 10, 11, 12

*Walters v. Dream Cars Nat'l, LLC*,
    2016 WL 890783 (N.J. Super. Ct. Law Div. Mar. 7, 2016)
    ............................................................................................................................. 8, 10, 12, 13

ORRICK, HERRINGTON &
SUTCLIFFE LLP

CASE NO. 3:16-CV-02338-JD
CASE NO. 3:16-CV-03017-JD

- iii -

MOTION TO DISMISS COMPLAINTS AND
MEMORANDUM IN SUPPORT

*Warth v. Seldin*,
     422 U.S. 490 (1975) ............................................................................................5, 7

*Watkins v. DineEquity, Inc.*,
     591 F. App'x 132 (3d Cir. 2014) ..............................................................................1

**Statutes**

California Health and Safety Code ........................................................................7

New Jersey Consumer Fraud Act ........................................................................10

New Jersey Punitive Damages Act ......................................................................10

New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act
     ("TCCWNA") ................................................................................... *passim*

**Other Authorities**

Black's Law Dictionary .........................................................................................8

Fed. R. Civ. P. 12(b)(1) ......................................................................................1, 3

Fed. R. Civ. P. 12(b)(6) ...................................................................................1, 3, 4

U.S. Constitution ................................................................................................2, 4

CASE NO. 3:16-CV-02338-JD
CASE NO. 3:16-CV-03017-JD

- iv -

MOTION TO DISMISS COMPLAINTS AND
MEMORANDUM IN SUPPORT

ORRICK, HERRINGTON &
SUTCLIFFE LLP

NOTICE IS HEREBY GIVEN that, on August 31, 2016, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable James Donato, United States District Judge for the Northern District of California, San Francisco Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Ave., San Francisco, California, 94102, Defendant Apple Inc. ("Apple") will and hereby does move the Court for an order dismissing these cases pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiffs have not suffered an injury in fact and thus lack standing to bring their claims; or Fed. R. Civ. P. 12(b)(6) because Plaintiffs fail to state a claim that Apple's Terms and Conditions violate New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq*.

The motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, submitted herewith, the argument of counsel, all pleadings, records and papers on file, and such other matters as may be presented to the Court.

## I. **INTRODUCTION**

Plaintiffs would have this Court invalidate the Terms and Conditions in Apple's consumer contracts and award residents of New Jersey -- and their attorneys -- a windfall in statutory damages not because any consumer has been injured in any way, but based on a contorted reading of a 35-year old New Jersey statute intended only to bolster a consumer's ability to enforce her already existing rights.

Indeed, New Jersey's legislature enacted the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq.* in 1981 to prevent companies from tricking New Jersey residents into thinking they could not enforce their rights due to limiting provisions in a consumer contract, warranty, notice or sign. The TCCWNA permits "aggrieved" consumers, defined by New Jersey courts as those who have suffered injury, to bring suit under that statute when a consumer contract offered by a seller violates some legal right that is "clearly established" by other law. Courts have not applied the TCCWNA, however, when a plaintiff fails to show that a defendant has violated other law.[1]

---

[1] *Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 134 (3d Cir. 2014) ("TCCWNA does not establish consumer rights or seller responsibilities. Rather, the statute bolsters rights and responsibilities established by other laws.").

CASE NO. 3:16-CV-02338-JD
CASE NO. 3:16-CV-03017-JD

MOTION TO DISMISS COMPLAINTS AND MEMORANDUM IN SUPPORT

None of the Plaintiffs in the two lawsuits filed here have established the requisite standing to bring a case on behalf of themselves or a class of New Jersey consumers. Specifically, Plaintiffs do not allege any concrete injury or particularized harm resulting from their agreeing to Apple's Terms and Conditions. Thus, under both the U.S. Constitution, as recently reiterated by the Supreme Court in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), and New Jersey law, which permits only "aggrieved" consumers to sue under the TCCWNA, Plaintiffs cannot proceed with their respective actions.

Even if Plaintiffs were to meet the threshold requirement of standing to sue, which they cannot, Plaintiffs' complaints also cannot stand as Apple's Terms and Conditions do not violate any "clearly established" right or legal principle and Plaintiffs otherwise fail to state a claim. Moreover, to permit a cause of action such as this to go forward would place an excessive and undue burden on interstate commerce, which impacts the Dormant Commerce Clause. Accordingly, Apple respectfully requests the Court dismiss Plaintiffs' complaints with prejudice.

## II. STATEMENT OF RELEVANT ALLEGATIONS

Apple designs, manufactures, and markets mobile communication and media devices, personal computers, and portable digital music players, and also sells or otherwise provides a variety of related software, services, peripherals, digital content, and applications. Apple sells and otherwise delivers its products and services worldwide through retail stores and online stores. Like many companies, Apple requires prospective consumers to agree to certain Terms and Conditions before the consumer may purchase or use certain products and services. Apple presents uniform Terms and Conditions to consumers across the United States. *See* Decl. of Christina G. Sarchio, Exhibit A (Apple's Terms and Conditions).

Apple's Terms and Conditions include a disclaimer of warranties and limitation of liability for any claims arising out of a consumer's use of Apple's services. *Id.* These specific terms, however, are emphasized and stand out in that they are all capitalized. Moreover, Apple specifies that "BECAUSE SOME STATES OR JURISDICTIONS DO NOT ALLOW THE EXCLUSION OF THE LIMITATION OF LIABILITY FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES, IN SUCH STATES OR JURSDUICTIONS, APPLE'S LIABILITY

SHALL BE LIMITED TO THE EXTENT PERMITTED BY LAW." *Id.* at 10. *(*Emphasis in original).

Plaintiffs assert that they agreed to the Terms and Conditions when they created their respective Apple IDs and when they accessed Apple's iTunes Store. Silkowski Compl. ¶ 32; Palomino Compl. ¶¶ 31-32. Plaintiffs claim, simply, that Apple's Terms and Conditions do not comply with two sections of the TCCWNA, and Apple is therefore liable for civil penalties under the statute. Compl. ¶¶ 64-67.[2] Plaintiffs do not allege that they otherwise have a dispute with Apple or that Apple invoked the Terms and Conditions to prevent Plaintiffs from exercising their rights. Rather, Plaintiffs claim Apple has violated the following sections of the TCCWNA, which provide that an "aggrieved consumer" may receive a civil penalty if:

- Section 15: A written consumer contract includes any provision that "violates any clearly established legal right of a consumer or responsibility of a seller" (N.J.S.A. 56:12-15); or

- Section 16: A consumer contract states "that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey." (N.J.S.A. 56:12-16)

### III. <u>LEGAL STANDARD</u>

A party may properly challenge plaintiffs' standing to sue by a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Further, dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "insufficient facts [alleged] under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

To survive a motion to dismiss, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (to survive motion to dismiss,

---

[2] All further citations to the Complaint refer to identical paragraphs in both the *Silkowski* and *Palomino* Complaints.

"the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief"). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 684 (2009). A claim that sets forth facts that are "merely consistent with defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678; *Twombly*, 550 U.S. at 557 (complaint must contain "allegations plausibly suggesting (and not merely consistent with) defendant's liability"); *see also, Matijakovich v. P.C. Richard & Son*, No. CV2161506WHWCLW, 2016 WL 3457011, at *3 (D.N.J. June 21, 2016) ("Plaintiff's TCCWNA claim does not state a claim for relief that is plausible on its face," and granting dismissal).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The rationale of the *Twombly/Iqbal* line of cases dismissing vaguely pled claims is that "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Jones v. AIG Risk Mgmt.*, 726 F. Supp. 2d 1049 (N.D. Cal. 2010) (citations omitted). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

IV. **ARGUMENT**

    A. **Plaintiffs Fail To Satisfy The Threshold Requirement Of Standing**

        1. **The U.S. Constitution Requires More Than A Technical Violation Of A Statute**

Plaintiffs lack standing to pursue their respective claims because none allege that they suffered an injury as a result of Apple's conduct with respect to its Terms and Conditions. To meet the "irreducible constitutional minimum of standing" plaintiffs bear the burden of satisfying three elements: (1) that plaintiffs suffered an injury in fact; (2) that there is a causal connection

between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). At the pleading stage, plaintiffs must clearly allege facts demonstrating each element. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

The Complaints fail to allege the first and foremost requirement in the standing analysis: injury in fact. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To establish injury in fact, plaintiffs must show that they suffered an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan*, 405 U.S. at 560 (internal citations omitted). Plaintiffs here fail to show that they suffered any harm, concrete or otherwise. Instead, Plaintiffs merely allege that the presence of allegedly non-compliant provisions in the Terms and Conditions "gives consumers the impression that they are unable to enforce rights they otherwise have under New Jersey statutory and common law." Compl. ¶ 7. This hypothetical injury is insufficient to bring suit.

An alleged statutory violation cannot alone provide the required injury in fact. As the Supreme Court recently emphasized, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). The Supreme Court explained that a "concrete injury must be *de facto*; that is, it must actually exist" and that it is "real, and not abstract." *Id.* (internal citation and quotations omitted). In other words, Plaintiffs' allegation that Apple violated a statute without causing them actual harm is insufficient. Further, even if putative class members were able to allege a concrete injury (which they do not), the case must be dismissed because a named plaintiff must allege a distinct and palpable injury to himself, even if it is an injury experienced by a large class of other possible litigants. *Warth*, 422 U.S. at 501.

The Supreme Court's decision in *Spokeo* is consistent with other precedent in this jurisdiction involving alleged, purely statutory violations similar to the one at hand. In a string of actions containing allegations nearly identical to those here, a plaintiff sued a host of credit card companies contending that the card member agreements contained unconscionable provisions in violation of California consumer protection statutes. *See Lee v. Chase Manhattan Bank*, 2008

WL 698482 (N.D. Cal. 2008); *Lee v. Capital One Bank*, 2008 WL 648177 (N.D. Cal. 2008); *Lee v. American Express Travel Related Services*, 2007 WL 4287557 (N.D. Cal. 2007).

In *Lee v. American Express*, the court found that the presence of a non-compliant term in a consumer contract did not confer standing:

> At bottom, plaintiffs' argument is that they were damaged by the mere existence of the allegedly unconscionable terms in their card agreements. But those terms have not been implicated in any actual dispute between the parties. The challenged terms have not, for instance, been invoked against plaintiffs and they have not prohibited plaintiffs from asserting their rights. No court, state or federal, has held that a plaintiff has standing in such circumstances, and plaintiffs have not convinced this Court that it should be the first.

*Lee v. American Express*, 2007 WL 4287557 at *6. In *Lee v. Chase Manhattan Bank*, the court dismissed the complaint for lack of standing, holding that the mere allegation that a contract provision violated the consumer protection statutes did not establish standing. 2008 WL 698482 at *2. The court required plaintiff to show that the non-compliant provision caused or would imminently cause concrete harm:

> Plaintiffs are unable to point to any injury that they have suffered, or will imminently suffer, that constitutes an "injury in fact" for Article III standing purposes here. All of Plaintiffs' claims rely on the assertion that Chase inserted clauses in the card agreement . . . that are unconscionable, and therefore unenforceable and illegal. But to establish injury in fact in this case, Plaintiffs must do more than allege that the provisions are unconscionable – they must show that insertion of these provisions has caused or will cause them concrete harm.

*Id*. In *Lee v. Capital One Bank,* the court rejected the third and final action under the same reasoning:

> Plaintiff's third injury theory – that defendants injured him by violating his statutory rights under the CLRA and the UCL – also fails to allege actual or imminent harm. To be sure, state law can create interests that support standing in federal courts. But that does not mean that the violation of a state law, standing alone, supports standing. The person invoking federal jurisdiction must allege some actual or imminent injury as a result of the violation. Because plaintiff has not alleged facts indicating that he was personally harmed by defendants' alleged statutory violations, he has not suffered injury in fact.

*Lee v. Capital One Bank*, 2008 WL 648177 at *4 (citation and quotations omitted).

The three *Lee* actions are instructive, if not wholly on point. Just as the *Lee* plaintiffs argued that the mere existence of an allegedly unconscionable contract provision violated California consumer protection statutes, Plaintiffs allege that certain provisions in Apple's Terms and Conditions violate New Jersey consumer protection statutes. However, the "harm" alleged here is far more speculative than the harms that the *Lee* court found inadequate. In *Lee v. American Express*, the court rejected the argument that plaintiffs were injured because they wished to arbitrate a particular claim, but were prevented from doing so by an unconscionable contract provision. *Lee v. American Express*, 2007 WL 4287557 at *3. Plaintiffs here have not alleged that they have been precluded from pursuing any claim.

The *Lee* cases are not outliers given that as recently as a few months ago, this court rejected statutory violations again in *Richter et al. v. CC-Palo Alto, Inc., et al.*, 2016 WL 1275592 (N.D. Cal. Mar. 31, 2016). The *Richter* plaintiffs, residents in a continuing care retirement community, paid a sizeable "entrance fee" to join. A large percentage of this fee would be repaid to the member upon leaving the community, or to the member's estate upon death. Plaintiffs alleged that the owner of the community failed to maintain a cash reserve account to repay the entrance fees, and therefore violated section 1792.6 of the California Health and Safety Code. *Id.* at *11. This court dismissed the complaint for lack of standing, finding that even if the community owner failed to maintain a cash reserve in violation of the statute, "non-compliance with a statutory scheme is not an independent injury that itself confers standing . . . to have statutory standing the statute must create a legally protected interest and Plaintiffs must allege a 'distinct and palpable injury' to that interest." *Id.* (quoting *Warth*, 422 U.S. at 501). Without evidence of concrete harm beyond the statutory violation, the plaintiffs had not alleged an actual injury sufficient for this court to grant them standing. *Id.* at *12.

Similarly here, Plaintiffs do not establish that the Terms and Conditions caused them harm. Plaintiffs do not even contend that they actually read the Terms and Conditions, much less understood them to prevent consumers from exercising rights that they personally wished to invoke. Instead, Plaintiffs merely allege that the inclusion of non-compliant provisions "deceives consumers into thinking that they are enforceable and accordingly, gives consumers the

Orrick, Herrington & Sutcliffe LLP

Case No. 3:16-cv-02338-JD
Case No. 3:16-cv-03017-JD

- 7 -

MOTION TO DISMISS COMPLAINTS AND MEMORANDUM IN SUPPORT

impression that they are unable to enforce rights they otherwise have under New Jersey statutory and common law." Compl. ¶ 7. Such generalized, conjectural, non-personal, and ultimately non-concrete allegations are insufficient to confer standing.

2. **As The Complaints Fail To Establish That Plaintiffs Are "Aggrieved" Consumers, Plaintiffs Cannot Sue Under The TCCWNA**

Plaintiffs also fail to satisfy the standing requirement under the TCCWNA, which permits only an "aggrieved consumer" to recover a civil penalty under the statute. N.J.S.A sect. 56:12-17. An aggrieved consumer must have suffered some loss or injury. *See* Black's Law Dictionary ("Aggrieved means 'having suffered loss or injury'"); *see also Shah v. American Express Co.*, 2009 WL 3234594, at *3-4 (D.N.J. Sept. 30, 2009) (dismissing TCCWNA claim because "liability under TCCWNA only attaches for the creditor when there are actual 'aggrieved' consumers"). New Jersey courts have defined the requisite loss or injury to be to the individual's personal or pecuniary interests or property rights. *See Ex parte Van Winkle*, 70 A.2d 167, 174 (N.J. 1950) (internal citation omitted) ("case defined an 'aggrieved person' as 'one whose personal or pecuniary interest, or property rights, have been injuriously affected by the order or decree.").

Moreover, New Jersey courts have indicated that the purpose of the TCCWNA was to address harm to consumers, not mere statutory violations. "[T]he Legislature intended that TCCWNA only target those vendors that engage in a *deceptive* practice and sought to only punish those vendors that in fact deceived the consumer, causing harm to the consumer." *Walters v. Dream Cars Nat'l, LLC*, 2016 WL 890783, at *6 (N.J. Super. Ct. Law Div. Mar. 7, 2016). As Plaintiffs do not allege that their person or pecuniary interests were harmed or that their property rights were adversely affected by Apple's Terms and Conditions, they do not satisfy the aggrieved consumer standard under the TCCWNA. Accordingly, the Court should dismiss the Complaints for lack of standing.

B. **Plaintiffs Fail To State A Claim That The Terms And Conditions Violate The TCCWNA**

Plaintiffs' allegations that the Terms and Conditions violate the TCCWNA also fail to state a claim. First, the Complaints fail to adequately allege that the Terms and Conditions

violate a clearly established legal right. Second, the Terms and Conditions purport to be coextensive with New Jersey law and therefore do not state that any provision may be void, inapplicable, or unenforceable. Finally, the TCCWNA is unconstitutional because it violates the Dormant Commerce Clause.

### 1. **The Terms And Conditions Do Not Violate A Clearly Established Legal Right**

Even taking the allegations in the Complaints as true, the Terms and Conditions do not violate the rights of New Jersey citizens. First, the cited clauses of the Terms and Conditions explicitly provide that the limitation of liability is "limited to the extent permitted by law." To the extent Apple's clauses are inconsistent with New Jersey law, they do not apply, and therefore the rights of New Jersey citizens are not violated. Second, the Complaints fail to adequately allege that "clearly established legal rights" or "responsibilit[ies] of a seller" are in fact violated by the Terms and Conditions. Third, New Jersey courts have held that exculpatory contract clauses are enforceable, and Plaintiffs fail to allege facts showing that they would be unenforceable in this case.

Each of the Terms and Conditions alleged to be in violation of section 15 of the TCCWNA (Compl. ¶¶ 35-37, 41, 45-47) contains some form of savings clause stating that the section is limited to the extent permitted by law. For example, as alleged in paragraph 35 of the Complaints (the "Disclaimer of Warranties; Liability Limitation"), after a clause providing for a limitation of liability, the agreement states, "Because some states or jurisdictions do not allow the exclusion or the limitation of liability for consequential or incidental damages, **Apple's liability shall be limited to the extent permitted by law**." *See, e.g.*, Compl. ¶ 35 (emphasis added); s*ee also* Compl. ¶¶ 36, 37.[3] Such a provision only purports to be "coextensive with the laws of New Jersey," and therefore the Terms and Conditions do not violate any clearly established legal right of New Jersey citizens. *Sauro v. L.A. Fitness Int'l, LLC*, 2013 WL 978807, at *9 (D.N.J. Feb. 13, 2013) (finding waiver and indemnity provisions did not violate "clearly established law" where

---

[3] The other cited provisions alleged to be in violation of section 15 of the TCCWNA contain similar limiting language: Complaint ¶ 41 ("To the extent not prohibited by law"); ¶¶ 45-47 ("To the extent permitted by law").

clause stated that liability would be only limited "to the fullest extent permitted by law"); *Walters*, 2016 WL 890783, at *6 ("Contractual provisions that . . . merely state that they are permitted to the maximum amount or extent as permitted by state law, do not violate a clearly established right."). The "Limitation of Liability" clause cited in paragraph 41 of the Complaints contains a similar savings clause that makes the Terms and Conditions coextensive with New Jersey law. Such provisions reflect an effort to comply with New Jersey law, and therefore "the Agreement by its own terms does not waive such liability." *Sauro*, 2013 WL 978807, at *9.

The Complaints also fail to state a claim under the TCCWNA because they fail to adequately allege the clearly established legal rights violated by the Terms and Conditions. For example, the Complaints generally discuss that clauses limiting liability violate legal rights under the New Jersey Consumer Fraud Act ("CFA"). Compl. ¶¶ 38-39, 65. But Plaintiffs do not plead a violation by Apple of the CFA nor that they have suffered an ascertainable loss as a result. *Barows v. Chase Manhattan Mortgage Corp.*, 465 F. Supp. 2d 347, 360-61 (D.N.J. 2006) ("the only prerequisite for maintenance of a private action to remedy a violation of the Consumer Fraud Act is that a plaintiff must present a claim of ascertainable loss."). In other words, plaintiffs must demonstrate a loss that is "capable of calculation, and not just hypothetical or illusory." *Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 374 (D.N.J. 2015). Such a failure is fatal to their TCCWNA claims. *Venditto v. Vivint, Inc.*, 2014 WL 5702901, at *8 (D.N.J. Nov. 5, 2014) ("to the extent Plaintiff's TCCWNA [claim] is premised on violations of [other] statutes, it too must be dismissed" where a plaintiff failed to adequately allege claims for violation of the underlying statutes).

The Complaints also loosely refer to rights under the New Jersey Punitive Damages Act ("PDA"), again without raising a claim against Apple under this statute. Compl. ¶¶ 38-39, 65. Moreover, the PDA does not prohibit such limitations of liability, and New Jersey courts uphold exculpatory provisions limiting liability for punitive damages. *See Walters*, 2016 WL 890783, at *11 ("It is well-settled New Jersey law that parties to a consumer contract may limit liability for consequential, special, or punitive damages."). Instead, the PDA creates a possibility of punitive damages "only if the plaintiff proves, by clear and convincing evidence, that the harm suffered

ORRICK, HERRINGTON & SUTCLIFFE LLP

CASE NO. 3:16-CV-02338-JD
CASE NO. 3:16-CV-03017-JD

- 10 -

MOTION TO DISMISS COMPLAINTS AND MEMORANDUM IN SUPPORT

was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J.S.A. 2A:15-5.12(a). Plaintiffs fail to plead any harm, much less any harm that rises to this level. Where plaintiffs do not and cannot bring a claim under the predicate law (in this example, the PDA) they cannot state a claim under the TCCWNA. *Mladenov*, 124 F. Supp. 3d at 380 ("Since the Court finds that Plaintiffs' [*sic*] have failed to state viable CFA claims, Plaintiffs' TCCWNA claims cannot survive to the extent they rely on the alleged CFA violations."). Plaintiffs therefore fail to plead a clearly established legal right under the PDA.

Plaintiffs also broadly refer to their legal rights and responsibilities under common law. Here, too, Plaintiffs fail to allege any "clearly established legal rights" or "responsibilit[ies] of a seller" that Apple has violated. For example, the Complaints make general allegations that the "Disclaimer of Warranties; Liability Limitation" and "Limitation of Liability" clauses violate Plaintiffs' right to recover damages for negligent conduct, Plaintiffs' right to recover for tortious conduct that causes personal injury, and impermissibly relieve Apple of its responsibility to "refrain from causing unreasonable risk and harm to Plaintiffs," as well as its duty of reasonable care. Compl. ¶¶ 39, 43. The Complaints also allege that the "Waiver and Indemnity" clauses force Plaintiffs to hold Apple harmless for claims caused by "negligence, willful or reckless misconduct" and eliminate Apple's duty of reasonable care. Compl. ¶ 49. But these allegations are legally insufficient because Plaintiffs fail to cite "particular statutory text, legislative history, relevant precedence or determinative interpretation to show that the exculpatory provisions . . . are unenforceable or otherwise violate any clearly established law." *Venditto*, 2014 WL 5702901, at *10 (dismissing TCCWNA claim based on unspecified common law allegations).

Moreover, there is no violation of a clearly established legal right under the TCCWNA because New Jersey courts enforce exculpatory provisions such as those cited in the Complaints. New Jersey courts have stated that an exculpatory clause may be enforced if "(1) it does not adversely affect the public interest; (2) the exculpated party is not under a legal duty to perform; (3) it does not involve a public utility or common carrier; or (4) the contract does not grow out of

unequal bargaining power or is otherwise unconscionable." *Gershon v. Regency Diving Ctr., Inc.*, 368 N.J. Super. 237, 248 (App. Div. 2004); *see also Stelluti v. Casapenn Enterprises, LLC*, 1 A.3d 678 (N.J. 2010) (finding negligence exculpatory clause in gym membership agreement enforceable); *Walters*, 2016 WL 890783, at *11 ("It is well-settled New Jersey law that parties to a consumer contract may limit liability for consequential, special, or punitive damages."). Relying on these factors, the Third Circuit has upheld exculpatory language in customer contracts with internet service providers. *See Asch Webhosting, Inc. v. Adelphia Bus. Solutions Inv., LLC*, 362 Fed. Appx. 310, 312 (3d Cir. 2010) (finding enforceable: "Customer releases Telcove from all liability or responsibility for any direct, indirect, incidental or consequential damages, including but not limited to damages due to loss of revenues or loss of business suffered by customer in connection with their use of or inability to use the Telcove Internet Services"). Because the Complaints fail to allege any of the factors necessary to render exculpatory provisions unenforceable under New Jersey law, Plaintiffs fail to state a claim for violation of the TCCWNA. *Venditto*, 2014 WL 5702901, at *10 (claim dismissed because complaint "fails to include any *facts* that would allow the Court to otherwise draw the reasonable inference that the exculpatory provision(s) at issue would not be enforced under New Jersey law.").

### 2. The Savings Clauses Do Not Violate Section 16 Of The TCCWNA

The Complaints also do not support a violation of section 16 of the TCCWNA. Plaintiffs allege that the "Waiver and Indemnity" and the "Limitation of Liability" provisions of the Terms and Conditions violate section 16 because they fail to state whether the limitation is inapplicable or void in New Jersey. Compl. ¶¶ 41, 44-47, 50. To the contrary, these provisions represent an "attempt by the drafter to conform to New Jersey laws." *Kendall v. Cubesmart L.P.*, 2016 WL 1597245, at *11 (D.N.J. April 21, 2016) (quoting *Martina v. LA Fitness Int'l, LLC*, 2012 WL 3822093, at *4 (D.N.J. Sept. 4, 2012)).

Each of the relevant provisions begins with language found in other cases not to violate section 16 of the TCCWNA. The "Waiver and Indemnity" provision states, "By using the iTunes service, you agree, **to the extent permitted by law**, to indemnify and hold Apple . . . harmless with respect to any claims arising out of your breach of this agreement . . . ." (emphasis added).

The "Limitation of Liability" provision states, "**To the extent not prohibited by law**, in no event shall licensor be liable for personal injury or any incidental, special, indirect, or consequential damages . . . arising out of or related to your use or inability to use the licensed application . . . ." (emphasis added). New Jersey courts have found that because such language attempts to conform to New Jersey laws, it does not violate section 16 of the TCCWNA. *See Kendall*, 2016 WL 1597245, at *11; *Martina*, 2012 WL 3822093, at *4. The "Limitation of Liability" section later states that the clause may not apply if a particular jurisdiction does not permit such a limitation, further showing that the entire term should only be read "to the extent not prohibited by law" in order to conform to New Jersey laws. Compl. ¶ 41; *cf. Sauro*, 2013 WL 978807, at *9 ("the Agreement's language might give an inattentive reader the wrong impression about the law, if the reader skips over the limiting phrases 'to the fullest extent permitted by law' and 'as is permitted by law.' However, that does not mean that the Agreement itself violates clearly established law, for TCCWNA purposes.").

3. **The TCCWNA Is Unconstitutional Because It Imposes An Excessive Burden On Interstate Commerce**

The Complaints should also be dismissed because they ask the Court to apply the TCCWNA in a manner that violates the Dormant Commerce Clause. The Supreme Court has stated that a state statute violates the Commerce Clause where "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)

The burden that would be imposed by Plaintiffs' interpretation of TCCWNA on interstate commerce would be significant. As demonstrated by these lawsuits and the many others like it, entrepreneurial counsel will seek to sue internet services and retailers, who operate on a multi-state and multi-national basis, under the guise of consumer protection. Under Plaintiffs' theory, the terms and conditions of all websites, regardless of where the company is located, would subject companies to liability for statutory damages to New Jersey residents, or would require companies to separately state the applicable law in New Jersey. New Jersey courts have rejected the argument that the TCCWNA creates such an obligation. *Walters*, 2016 WL 890783, at *9

("Section 16 of TCCWNA does not obligate Defendant . . . to provide a consumer with a complete dissertation of New Jersey PIP law.") Yet the New Jersey statute would be just one jurisdiction potentially at issue. It is conceivable that companies would have to separately state the applicable law for every state. This is the very problem courts have tried to address by declaring state statutes unconstitutional pursuant to the Dormant Commerce Clause: "the practical effect of the statute must be valuated not only by considering the consequences of the statute itself, but also by considering how the challenged statute may interact with the legitimate regulatory regimes of other States and what effect would arise if not one, but many or every, State adopted similar legislation." *Healy v. Beer Institute, Inc.*, 491 U.S. 324, 336 (1989).

The putative local benefit on the other hand is limited. Under section 15 of the TCCWNA, for example, the cited terms "might give an inattentive reader the wrong impression about the law," but only, as in this case, "if the reader skips over the limiting phrases 'to the fullest extent permitted by law' and 'as permitted by law.'" *Sauro*, 2013 WL 978807, at *9. Under section 16 of the TCCWNA, the benefit of banning contractual language purporting to be "void, inapplicable or unenforceable in some jurisdictions" without specifying which provisions are or are not in New Jersey is merely to avoid confusion amongst New Jersey residents. Specifically, New Jersey residents might read the Terms and Conditions and *might* be uncertain about whether a limitation of liability clause applies in New Jersey. It should be noted that Plaintiffs do not allege that they read the allegedly offending language and became uncertain.

The burden of such state statutes far outweighs the putative benefits. This effect is especially pronounced on services or retailers that use the internet to reach customers around the world. For this reason, certain courts have broadly struck down state regulations that affect internet commerce. *See, e.g.*, *Am. Libraries Ass'n v. Pataki*, 969 F. Supp. 160, 167 (S.D.N.Y. 1997) ("the Internet fits easily within the parameters of interests traditionally protected by the Commerce Clause"; "The unique nature of the Internet highlights the likelihood that a single actor might be subject to haphazard, uncoordinated, and even outright inconsistent regulation by states . . . ."). Other courts have undertaken the *Pike* analysis to find state regulations with similar effect in violation of the Dormant Commerce Clause. *See, e.g.*, *Consol. Cigar Corp. v. Reilly*,

218 F.3d 30, 56 (1st Cir. 2000) (regulation was unconstitutional where it imposed liability on cigar manufacturers for advertising on the Internet which could be viewed in Massachusetts).

Because the burden the TCCWNA places on interstate commerce is excessive in relation to its putative local benefits, it violates the Dormant Commerce Clause.

## V. **CONCLUSION**

Plaintiffs bring these putative class actions premised solely upon an alleged statutory violation. Without a concrete injury, Plaintiffs cannot establish jurisdiction. Similarly, without alleging a concrete injury, Plaintiffs fail to state a claim under the TCCWNA. Finally, enforcement of the TCCWNA's provisions regarding state-specific savings clauses would impose an excessive burden in violation of the Dormant Commerce Clause. For the foregoing reasons, Apple respectfully requests that the Court grant its motion to dismiss Plaintiffs' Complaints in their entirety.

Dated: July 22, 2016

_____
CHRISTINA G. SARCHIO
Orrick, Herrington & Sutcliffe LLP